**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORRAINE ALTHEA WELLS,

          Plaintiff - Appellant,

  v.

FRANKLIN APARTMENTS, Tenants; et al.,

          Defendants - Appellees.

No. 08-57031

D.C. No. 2:08-cv-05958-R-SH

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument, and therefore denies Wells's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

Lorraine Althea Wells appeals pro se from the district court's judgment in her action alleging various claims against the Franklin Apartments and/or tenants, the City of Santa Monica, and Westside Regional Center. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the existence of subject matter jurisdiction, *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005), and a grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Wells's claims against the City of Santa Monica for lack of subject matter jurisdiction because her complaint does not allege facts to support federal question or diversity jurisdiction against the City. *See Peralta*, 419 F.3d at 1068 ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (explaining that section 1331 confers jurisdiction over civil actions "arising under" federal law and that an action "arises under" federal law only where the plaintiff's statement of the claim shows that the claim is based on federal law).

To the extent that Wells has alleged any causes of action against Franklin Apartments, the district court properly determined that they were foreclosed by

Wells's prior settlement agreement with the owners. *See Marder v. Lopez*, 450 F.3d 445, 449-50 (9th Cir. 2006) (discussing release of claims under California law). To the extent that Wells has alleged any causes of action against the tenants of Franklin Apartments, she failed to name those individuals and to serve them with the summons and complaint, so they were never properly made parties to the action. *See* Fed. R. Civ. P. 4.

Wells's remaining contentions are unpersuasive.

**AFFIRMED.**